## Carrie Conrad, Appellee, v. Charles A. Stevens & Brothers, Appellant.

### Gen. No. 21,942. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed May 9, 1917.

### Statement of the Case.

Action by Carrie Conrad, plaintiff, against Charles A. Stevens & Brothers, defendant, to recover damages for personal injuries sustained by plaintiff's fall on a stairway in defendant's building. From a judgment for plaintiff for $2,500, defendant appeals.

JOHN A. BLOOMINGSTON, for appellant.

RICHARD J. FINN, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 683*—*when evidence sufficient to show failure to provide proper handrails on stairway.* Evidence *held* sufficient to sustain the finding that defendants had failed to provide proper and substantial handrails on the stairway in defendant's building where plaintiff, an employee, sustained injuries, as required by Rev. St. ch. 48, sec. 104 (J. & A. ¶ 5401), providing that proper and substantial handrails shall be provided on all stairways in factories, mercantile establishments, mills or workshops, etc.

2. MASTER AND SERVANT—*what is not proper handrail on stairway.* Where a certain handrailing at the top of a stairway in defendant's building had been cut away on the outside and the end of an upright supporting a series of shelves set into the part cut

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Conrad v. Charles A. Stevens & Brothers, 205 Ill. App. 494.

away for about two feet from the top of the stairway, so that it would be impossible to grasp it, although a hand or a portion of it might rest upon it, *held* that such was not a "proper" handrail within Rev. St. ch. 48, sec. 104 (J. & A. ¶ 5401), providing that proper and substantial handrails shall be provided on all stairways in factories, mercantile establishments, mills or workshops, etc.

3.  INSTRUCTIONS, § 67*—*when not erroneous because assuming facts.* It is not erroneous to assume, in an instruction, the existence of an uncontroverted fact fully disclosed by the evidence.

4.  APPEAL AND ERROR, § 883*—*necessity of abstracting instruction.* Where complaint was made on appeal of the modification "of another instruction," but the instruction itself was not identified or abstracted, *held* that the court was not constrained to search the record for it.

5.  DAMAGES, § 115*—*when judgment not excessive.* A judgment for $2,500 for personal injuries *held* not excessive.

6.  APPEAL AND ERROR, § 1752*—*when judgment affirmed for insufficiency of abstract.* Where appellant's abstract was stricken from the record as not complying with the rules, and he filed a so-called "additional abstract of record" which merely attempted to supplement the former abstract and was altogether incomplete in itself or with the former, *held* that affirmance of the judgment was proper.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.